No. 2378.

KATIE B. WARREN *v.* C. ANSON JONES ET AL.

1. CONVEYANCE OF WIFE'S SEPARATE PROPERTY.—The doctrine held in Patton v. King, 26 Texas, 686, to the effect that a married woman may jointly with her husband make a valid conveyance of her separate property by an attorney in fact, duly authorized by power of attorney executed and acknowledged in the manner prescribed by law for the execution and acknowledgment of deeds of conveyance, reaffirmed in this case.

2. SAME.—There is nothing in the Constitution or laws which would invalidate a conveyance of the homestead under such a power of attorney.

APPEAL from Harris. Tried below before the Hon. James Masterson.

*W. P. Hamblen* and *E. P. Hamblen*, for appellant: That a married woman can not convey her homestead by attorney, cited Constitution of Texas, article 16, section 50; Revised Statutes, articles 559, 560, 4310; Jones and wife v. Goff, 63 Texas, 255; Clark v. Mumford, 62 Texas, 534, and cases cited; Holaday v. Daily, 19 Wallace, 609; 1 Bishop on the Law of Married Women, section 602; Dart's Vendor and Purchaser of Real Estate, chapter 13, section 1; Kelly on Contracts of Married Women.

*Baker, Botts & Baker*, for appellees, relied on Patton v. King, 56 Texas, 685, and Cannon v. Boutwell, 53 Texas, 627.

WILLIE, CHIEF JUSTICE. This is an action of trespass to try title, brought by Mrs. Katie B. Warren against the appellees to recover block 333, in the city of Houston. The block in controversy was inherited by Mrs. Warren from her parents, and, after she acquired title thereto, was occupied by her husband and herself as a homestead. This occupancy continued down to August, 1884, when she and her husband left Texas for Massachusetts, where they resided until the latter part of 1885, the date of her husband's death. Upon leaving Texas, Mrs. Warren, and her husband executed a power of attorney to Marshall Tankersly authorizing him to sell any real estate belonging to them or

either of them, and particularly such as she had inherited from her parents, situated in any portion of this State, and further authorizing him to collect and receive the proceeds of all such sales. This power of attorney was signed by Mr. and Mrs. Warren, and was acknowledged in the manner required by law for conveying the separate property of the wife, and the homestead of a family. With this power upon record the appellees purchased the block in controversy from Tankersly, received from him a deed for the same, and paid him the purchase money. Tankersly sent this money to Mrs. Warren in checks upon New York, made payable to her order, which she received and endorsed, and these checks were paid to her husband. She testified that she made the endorsements because required to do so by her husband, and that she did not receive the benefit of any portion of the money. She further testified that she did not intend to abandon her homestead when leaving Texas, but to return to it within a short time and make it her residence; and that she knew at the time that she indorsed the draft that it was for her homestead, and that it had been sold, but she intended to return to Texas and claim the property thus sold, as her homestead.

The court below held that Mrs. Warren was not divested of her homestead by the conveyance of her attorney in fact, though the power of attorney was executed in the manner prescribed for the acknowledgment of deeds by married women. The court further held that she was estopped from recovering the property unless she refunded to defendants, Jones & Baker, the amounts respectively paid by them for the property, and allowed her until January 1, 1887 to refund these amounts, and thereby obtain a writ of possession. If she failed to refund within the time specified she was to be debarred from a recovery. From this judgment Mrs. Warren appealed to this court; the appellees have also assigned errors to the ruling of the court as to the effect of the power of attorney, and the subsequent deed made in pursuance of it.

Several important questions are raised in the brief of counsel upon the case as above stated, but we think that a single one of them disposes of the appeal. That question is: Did the deed of Tankersly, made by virtue of the power of attorney, vest in Baker & Jones Mrs. Warren's title to the property in controversy?

That a married woman might jointly with her husband make

a valid conveyance of her separate property by an attorney in fact, duly authorized by power of attorney, executed and acknowledged in the manner prescribed by law for the execution and acknowledgement of her deeds of conveyance, was authoritatively settled by this court in the case of Patton v. King, 26 Texas, 686. That decision was subsequently cited with approval in the case of Cannon v. Boutwell, 53 Texas, 626, and has become a rule of property in this State, which, after the lapse of twenty-five years, should not be disturbed. But it is urged that though the decision in Patton v. King may have been correct under the law governing the case in which it was rendered, and as applicable to the wife's separate property, it should not be held binding under our present Constitution and statutes governing the conveyance of the homestead of a family. That case was decided under the Constitution of 1845, and the act of April 30, 1846, defining the mode of conveying property in which the wife has an interest. The provisions of the Constitution of 1845 as to a conveyance of the homestead is almost in the same language with that found in the present Constitution. Each provides that the husband shall not sell the homestead without the consent of the wife given in such manner as may be provided by law. (Const., 1845, Gen. Prov., sec. 22; Const. 1876, Gen. Prov., sec. 50.) In both, the wife's consent is made necessary to the validity of the conveyance, in both the manner in which this must be done is left wholly to the discretion of the Legislaturs. Whilst the homestead is, by organic law, protected against forced sale, and an alienation by the husband alone, the wife is left at liberty to join in its conveyance.

The Constitution does not throw any obstacles in the way of her consenting to a sale of the homestead, but proposes that her consent shall be established by satisfactory evidence. What shall be satisfactory evidence of her consent is left to the wisdom of the Legislature without any restriction upon its power to legislate upon the subject. Under the provisions cited the Legislature might have required a less or more formal method of giving the wife's consent to a sale of the homestead than was required in case of a sale of her separate property, but they placed the two upon the same footing, and said that one should be conveyed in precisely the same manner as the other. It was so enacted in the statute of 1846 (Hartley's Digest, art. 174), under the Constitution of 1845, and under this statute the case of Patton v. King was decided. As there was nothing in the Constitution

of 1845 which required that the wife's conveyance of the homestead should be made by a deed signed and acknowledged by her in person, the Legislature was authorized to make valid a conveyance of the same, executed through her duly appointed attorney in fact. This was not done in so many words by the act of 1846, but it was done in language which this court construed to mean the same thing as if the Legislature had said that the wife's consent to the alienation of her separate property a homestead might be evidenced by her signature and acknowledgment of a power of attorney for its sale, taken as in case of a deed signed by herself in person. It is therefore apparent that, under the decision in Patton v. King, the homestead could be conveyed by the husband and wife through an attorney in fact, and that the decision became a rule of property as to homesteads as well as to the separate estate of married women.

As the provisions of our present Constitution are, in effect, identical with those of the Constitution of 1845, upon the subject of a sale of the homestead, we must regard the decision as binding under the law in force when the power of attorney and deed under consideration were executed, unless the Revised Statutes have changed the method of conveying the homestead. If the Legislature intended to change the former law so as to render decisions of the Supreme Court made under it inapplicable to the new statute, it would certainly have done so in unmistakable language. It would have said in so many words that the wife's consent to a sale of her homestead shall not be given through a power of attorney executed by her; or it would have so worded the new law as to render it not liable to the construction given to the one it had superseded. We do not, however, find that the Legislature took either course in the Revised Statutes. The act of 1846 declared that "when a husband and wife have signed any deed or other writing purporting to be a conveyance of any estate, the separate property of the wife, or of the homestead of the family, if the wife appear and having been privily examined," etc., the title could pass. Article 559 of the Revised Statutes provides that "the husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband," etc. Article 560 says the consent of the wife to the sale of the homestead "shall be evidenced by the

wife joining in the conveyance, and signing her name thereto, and also by her separate acknowledgment thereof taken and certified to before the proper officer in the mode pointed out in chapter 2, title 86, of the Revised Statutes."

It is apparent from a reading of the two articles cited from the Revised Statutes, that they differ in no material respect from the article cited from Hartley's Digest, the law of 1846. The latter requires that the wife shall sign the deed or other writing purporting to be a conveyance of the homestead, and shall acknowledge it separate from her husband. The former says that she must join in the conveyance, and sign her name thereto, and acknowledge the same, etc. The joining in the conveyance is to be effected, according to the statute, by signing it and making the proper acknowledgment; and the conveyance is effected in the same way under the terms of the former. Each statute contemplated that the wife's consent to the conveyance should be evidenced by her signature thereto, and her privy examination and acknowledgment, both in effect prescribing the same form of acknowledgment; and, if there is any difference between them in this respect it is too shadowy to found upon it an entire change in the construction of our laws relating to conveyances by married women. This court has said that the requirement that a husband and wife shall sign a deed of conveyance, and that the wife shall appear and acknowledge it, is fulfilled by their signing and her acknowedging a power of attorney to make the conveyance; and we can not say that a requirement that they shall join in such conveyance, and that she shall sign and acknowledge it, is not fulfilled in the same way. One of the reasons given in 1863 for making the decision was that it was the contemporaneous construction of the statute and the practice under it for married women thus to convey; and to hold such conveyance void would unsettle many estates. It is believed that the practical construction both as to homesteads, and the separate property of married women, has been in accordance with the opinion, and that property rights have grown up under it which should not be unsettled at this late day. We think the doctrine of *stare decisis* applies in full force, and the decision should not be disturbed, though not in accord with the decisision of many of our sister States.

It is, however, urged here, and was held below, that the cases of Clark v. Mumford, 62 Texas, 531, and Jones v. Goff, 63 Texas, 248, are authorities to show that a homestead can not be conveyed

by a husband and wife by means of a power of attorney, however signed and acknowledged. We do not so construe these cases. In the first the court was passing upon a conveyance of land situated in Tennessee. The laws of that State governed the conveyance; and under those laws a married woman could not convey her separate estate otherwise than by the joint deed of herself and husband. It was not held that, by the laws of Texas, a similar conveyance could not have been made through a power of attorney. If there be any expressions in the opinion, showing that the learned judge who delivered it did not acquiesce in the views expressed by this court in Patton v. King, they are *dicta*, and are especially not binding, as the decision was made by the Commission of Appeals, and was never adopted by this court except as to its conclusions. This will appear from a note to be found at the beginning of the sixty-fourth volume of Texas Reports.

The case of Jones v. Goff was that of a bond to convey title to the homestead. The only question in that case was as to the power of the district court to decree, as against a married woman, a specific performance of an executory contract for the conveyance of the homestead. It was held that such a decree could not be made. It was said that in case of a bond for title the wife did not consent to a conveyance, but to a contract to convey, and that she would be deprived of her right to retract in case the bond could be enforced against her. Not so in reference to a power of attorney. In the case of Patton v. King it was said that the "acknowledgment is prescribed for her protection; and when that is made to the power of attorney, the object of the statute has been as effectually attained as if made to her deed of conveyance." The power of attorney, when followed by the deed of her agent, is treated as the conveyance itself. But in a bond for title she has to execute another instrument before the legal title passes from her. The conveyance is not fully made until she acknowledges the deed she has bound herself to execute, and this must be done in accordance with the statute. She must be allowed the privilege of retracting before the deed is made, or the statute is not fulfilled. In case of a power of attorney she has that privilege, and may withdraw her consent at any time before the deed is made by her attorney.

There are expressions in the opinion to the effect that the only method of passing the title of the wife to the homestead is by

conveyance. These are, however, no stronger than the words of the statute itself, upon which this court held that the convey-ance might be made through a power of attorney, and must not be treated as deciding that the conveyance must be by deed, signed and acknowledged by the wife, and not otherwise. They, too, were mere *dicta*—not necessary to a decision of the case—and are not to be construed as overruling the former author-itative decisions of this court.

We think the assignment of the appellee upon which we have commented is well taken, and that the court below erred in not finding absolutely for the defendants below. The judgment will therefore be reversed and and here rendered for the appellees, that the appellants take nothing by their suit, and appellees go hence without day and recover the costs of this and the court below.

*Reversed and rendered.*

Opinion delivered January 10, 1888.