## YOUNG v. WATSON.†

(Court of Civil Appeals of Texas. Galveston. Oct. 26, 1911. Rehearing Denied Nov. 16, 1911.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT ON CONFLICTING EVIDENCE—CONCLUSIVENESS.

A verdict on an issue as to which the evidence is conflicting is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. CONTRACTS (§ 315*)—SERVICES—ACTS CONSTITUTING BREACH.

Where a chemist, under contract to examine and analyze cotton seed meal and cake, had continued to fully perform his part of the contract, the refusal of the employer, during the term of the contract, to give him further employment thereunder, was without justification and was a wrongful breach of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1279, 1280; Dec. Dig. § 315.*]

3. CONTRACTS (§ 319*)—PERFORMANCE OR BREACH—NECESSITY OF TENDER OF PERFORMANCE.

Where a merchant contracted with plaintiff for the examination and analysis of cotton seed meal and cake, and during the term of the contract unequivocally refused to employ the plaintiff further or to submit any samples to him, as provided by the contract, the plaintiff was thereby released from all his obligations under the contract and was not required to continue his tender of performance by maintaining his laboratory and holding himself in readiness to perform, since one party to a contract is not required to tender performance when the other party thereto has declared that he will not accept such performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1493–1507; Dec. Dig. § 319.*]

4. CONTRACTS (§ 319*)—REPUDIATION—RIGHTS AND LIABILITIES.

After the employer of a chemist under an express contract to examine and analyze cotton seed meal and cake has declared that he would not accept performance of the contract, the chemist is under no obligation to remain at the place of performance to continue to tender performance, but may accept as final the employer's repudiation of contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 319.*]

5. CONTRACTS (§ 282*)—CONSTRUCTION—SERVICES.

Under a contract whereby plaintiff was to examine and analyze cotton seed meal and cake, the extent of his undertaking was to perform such services in an accurate and skillful manner, and not to employer's satisfaction.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1284–1289; Dec. Dig. § 282.*]

6. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

Where the evidence, in an action for damages for breach of a contract for plaintiff's services as a chemist, raised no issue whether plaintiff had a properly equipped laboratory, a charge upon such issue was properly omitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

7. TRIAL (§ 260*)—INSTRUCTIONS—INSTRUCTIONS ELSEWHERE GIVEN.

A requested instruction, covered by the charge of the court, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

8. CONTRACTS (§ 322*)—ACTION FOR BREACH—ADMISSIBILITY OF EVIDENCE—COMPLAINT.

In an action for damages for the breach of a contract for plaintiff's services as a chemist, by the employer's repudiation of the contract during its term, evidence on the part of plaintiff that the employer had often complained of the inaccuracy of plaintiff's work is properly excluded as immaterial.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*].

9. TRIAL (§ 56*)—REPUDIATION OF EVIDENCE—REPETITION.

The courts may properly refuse to permit the repetition of material evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 131–132; Dec. Dig. § 56.*]

10. EVIDENCE (§ 535*)—OPINION EVIDENCE—QUALIFICATION OF EXPERT.

The opinion of a witness, in an action for damages for the breach of a contract for plaintiff's services as a chemist, as to plaintiff's competency and the character of his work, is properly refused, where the witness is not shown to be qualified to express an opinion on that subject.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 535.*]

11. CONTRACTS (§ 322*)—BREACH OF CONTRACT FOR SERVICES—ADMISSIBILITY OF EVIDENCE.

In an action for damages for a breach of a contract for plaintiff's services as a chemist, brought after the employer's repudiation of the contract during its term, evidence on the part of the employer that he needed the services of a chemist in his business, and that it was an inconvenience to him to discharge plaintiff, was properly excluded as not material upon the issue whether plaintiff was in fact competent and performed his work in a proper manner.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

12. CONTRACTS (§ 171*)—ENTIRE OR SEPARABLE CONTRACTS—SERVICES.

A contract between a merchant and a chemist under which the chemist was to render services from September 1, 1908, to July 1, 1909, for which the merchant agreed to pay the sum of $3,000, payable in monthly installments of $300, is a contract for employment for ten months and is not a divisible contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. § 171.*]

13. MASTER AND SERVANT (§ 42*)—REDUCTION OF DAMAGES—BREACH OF CONTRACT FOR SERVICES.

Upon a breach of a contract for personal services, the employé is bound to use proper diligence to reduce his damages by earnings during the term of the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. § 42.*]

14. MASTER AND SERVANT (§ 42*)—BREACH OF CONTRACT—SERVICES—REDUCTION OF DAMAGES.

Upon breach of his contract for the services of plaintiff as a chemist for the entire term of 10 months, the employer became liable for the full amount of the compensation to be paid plaintiff for the entire time covered by the contract, less any reduction by plaintiff's earnings during that time, which he could not have received, if he had been permitted to perform the services required of him under the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. § 42.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Paul Watson against E. H.

Young. Judgment for plaintiff, and defendant appeals. Affirmed.

Stewarts, Geo. T. Burgess, and J. E. Quaid, for appellant. Kleberg & Neethe, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for breach of contract. In his petition appellee alleges, in substance, that on February 25, 1908, he and appellant, who was on said date and is now a merchant engaged in the purchase and sale in large quantities of cotton seed meal and cake, entered into a contract in writing, whereby he was to render to appellant services as a chemist from September 1, 1908, to July 1, 1909, for which services appellant agreed to pay him the sum of $3,000, payable in monthly installments of $300 each. The terms and conditions of the contract are further set out in the petition, and it is then alleged: "That the plaintiff herein was at all times governed by said agreement and was ready and willing to perform his part of said contract and to render the services required by him thereunder, and did so render said services until November 1, 1908, when the defendant herein notified him that he would no longer be bound by said contract, although he was informed by the plaintiff that he, the said plaintiff, was at all times ready, willing, and able to render the services agreed to be performed by him; that by reason of the premises the defendant became liable to the plaintiff in the sum of $2,400, of which no part has been paid." The prayer of the petition is for judgment against defendant for "aforesaid debt, interest and costs." "Appellant answered and alleged that the contract provided that appellee was to make the chemical analysis carefully and promptly; that appellee contracted that he was an experienced, competent, and reliable analytical chemist and that he would make careful, prompt, and accurate analysis of all cotton seed meal samples submitted to him by appellant; that the work of plaintiff and the analysis made by him was inaccurately, carelessly, and unskillfully done, whereby defendant was unable to use such analysis, and was obliged to employ other chemists in order to secure proper and correct analysis. Appellant further alleged that appellee failed to keep a properly equipped laboratory, and failed to use scientific methods for the purpose of making accurate and careful analysis of cotton seed meal and cake; that appellee did not at all times hold himself in a position to perform the contract, in that on or about March 3, 1909, appellee sold out his laboratory and left the city of Galveston; and that thereafter he was unable to perform said contract; and further that appellee, since the termination of the contract, had made the sum of at least $5,000, the exact amount and sources from which made being to appellant unknown; and further that

appellee could by the use of due diligence have found employment of like character; and further that, as the contract between appellant and appellee was a contract of employment from month to month, it was divisible; and that appellant had paid appellee for all services performed under said contract." Appellee excepted to that portion of defendant's answer averring that appellee had on March 3, 1909, sold his laboratory and moved from the city of Galveston, and the exception was sustained. He also excepted to the averments that after October 20, 1908, appellee engaged in other business and pursuits from which he made the sum of $5,000, and that appellee, if he had used reasonable diligence, could have obtained other employment. The exceptions to these averments were overruled. The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,400.

The record discloses the following facts:

The contract sued on is evidenced by a letter written by appellee to appellant on February 25, 1908, and indorsed "Accepted" by appellant on said date. This letter is as follows: "Galveston, Texas, 2/25/08. Mr. E. H. Young—Dear Sir: I herewith beg to acknowledge agreement made with you this date, whereby all your cake and meal samples are to be sent to me for inspection, classification and chem. analysis when made. The following are the terms and conditions as I understand them. All samples to be delivered at my laboratory by official sampler. There each sample will be examined upon arrival and a daily report rendered, giving number samples rec'd & detailing general condition with regard to hulls, lint, quality & grade. Also chem. anal. will be made wherever necessary, to insure full knowledge of quality of shipments & to prevent any low grade being accepted without a claim. Specimen samples meal & cakes will be submitted to you wherever there is any chance of claim on color, quality, etc. Also lists will be furnished from time to time or on request, giving mills shipping cake of quality especially adapted to grinding, grade % furnished to assist in mixing. Advance samples of shipments will be analyzed promptly to assist in proper disposition of consignments on arrival. All samples will be kept out of sight as far as is possible while in laboratory. All work will be done carefully & promptly with a view to being of greatest assistance & value both in buying & selling. Agreement to cover period of ten months yearly—Sept. 1st to July 1st. For this work you are to pay me $3,000.00 three thousand dollars per season— payable in ten equal amounts of $300.00 each, becoming due the 20th day each month covered by agreement. Agreement to become operative Sept. 1st, 1908, and to be in force as above stated, for one year. Very sincerely, Paul Watson. Contract as above accepted— 2/25/08. E. H. Young."

Appellee, acting under this contract, ex-

amined and reported upon all samples of cotton seed meal and cake submitted to him for examination by appellant up to October 20, 1908, and whenever necessary to insure full knowledge of the quality of said products made chemical analysis thereof and furnished same to appellant as required by the contract. These analyses and reports were promptly made from time to time as required by appellant.

On September 22, 1908, appellant notified appellee that the analyses made by him did not agree with those made by other chemists, and that appellant was therefore unable to adjust his claims in accordance with such analyses. He further stated in this letter that appellee's work had been of no practical value to him, and he did not consider that appellee had performed his part of the contract, and that the one month's salary, for which he inclosed a check for appellee, was paid under protest.

Appellee after the receipt of this letter continued to examine and report upon samples furnished him by appellant up to October 20, 1908, on which date appellant again wrote appellee to the effect that his work was wholly unsatisfactory and that he did not consider himself further bound by the contract of employment. In reply to this appellee wrote appellant insisting that he had fully and faithfully complied with his contract and had properly performed the work required of him under said contract, and informing appellant that he would not agree to a cancellation of the contract. On October 23, 1908, appellant wrote appellee acknowledging receipt of his letter of the 20th, and reiterating his dissatisfaction with appellee's work, and informing him that no more samples would be sent him for examination, and that his decision to discontinue appellee's services was final. Accompanying this letter was a check in appellee's favor for one month's services under said contract.

Appellee notified appellant by letter of October 26th that he would not release him from his contract and that he was ready and willing to perform his part of said contract.

No further samples were furnished appellee, and no further work done by him, under said contract, and no other payments were made him by appellant.

[1] The evidence upon the issue of whether appellee was a competent chemist and performed the services required of him under the contract in a skillful, careful, and accurate manner was conflicting. But this issue having been submitted to the jury by the charge of the court, and there being no assignment assailing the charge nor the verdict of the jury upon said issue, the verdict in appellee's favor is conclusive of said issue.

[2] Upon this state of the record it must be considered as settled that appellee fully performed his part of the contract, and the refusal and failure of appellant to give appel-

lee further employment under said contract was without jurisdiction and a wrongful breach by him of the contract.

[3] The first assignment of error complains of the ruling of the trial court sustaining plaintiff's exception to that part of defendant's answer in which it is averred "that plaintiff did on or about the 3d day of March, 1909, sell his said laboratory, left the city of Galveston, and rendered himself and was unable to perform said contract after said March 3, 1909."

There is no merit in the assignment. Appellant having breached the contract and declared unequivocally that he would not further perform his part thereof, appellee was released from all his obligations under the contract and was not required to continue his tender of performance by holding himself in readiness to perform the services which he agreed to perform by the terms of said contract. One party to a contract is not required to tender performance when the other party thereto has declared that he will not accept such performance or will not do that which he had agreed to do in compensation or return for such performance. Kilgore v. Northwest Texas Society, 90 Tex. 139, 37 S. W. 598; Greenwall Theatrical Co. v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302; Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; 9 Cyc. 641.

The second assignment presented in appellant's brief complains of the refusal of the court to permit appellant to prove that appellee, some time after the breach of the contract by appellant, discontinued his laboratory and his business as a chemist in the city of Galveston and left said city.

The third assignment assails the verdict on the ground that it is excessive; the contention under said assignment being that appellee was not entitled to recover the contract price for his services after he left the city of Galveston and was no longer in a position to carry out his part of the contract.

What we have said in discussing the first assignment of error disposes of the questions presented by the second and third.

[4] Appellee was under no obligation, after appellant had declared that he would not accept performance of the contract by him, to remain in Galveston and continue to tender such performance, but he could accept as final appellant's repudiation of the contract; and by such repudiation appellant became liable to appellee for all the damages sustained by him by reason of such breach of the contract. Mining Co. v. Coal Co. (C. C. A.) 188 Fed. 179.

It would be manifestly unjust to hold that appellee after the repudiation of the contract by the appellant was required, in order to preserve his right to recover damages for the breach of the contract by appellant, to continue his offer of performance and during all the period covered by the contract to hold himself in readiness to resume his performance thereof in case appellant should

repent and withdraw his refusal to accept performance. Appellant's contention involves such holding, and we know of no authority by which it can be sustained.

[5] The next .three assignments of error presented in appellant's brief complain of the refusal of the court to give special charg-es requested by the defendant in which the jury were instructed, in substance, that if appellant honestly believed that appellee was not competent, and had a genuine belief that appellee's manner of performing his work was causing a loss in appellant's business, he had a right to terminate the contract.

These charges were properly refused. Appellee had not contracted to do the work to appellant's satisfaction, and the extent of his undertaking was to perform the services required of him under the contract in an accurate and skillful manner, and whether he did this and not what appellant may have honestly believed on the subject was the question to be determined.

[6, 7] There was no issue raised by the evidence as to whether appellee had a properly equipped laboratory, and the question of whether he made the analyses in a proper manner was properly submitted to the jury by the charge of the court. For these reasons the next assignment, which complains of the failure of the court to charge upon said issues, is without merit.

[8, 9] The offered testimony of appellee that appellant had often complained of the inaccuracy of appellee's work was immaterial, and for that reason its admission was properly refused. In addition to this, such testimony was in fact introduced, and if it had been material the court could have properly refused to permit its repetition.

[10] The testimony of the witness Ward, which the court refused to admit, was merely the opinion of the witness as to the competency of appellee and the character of his work, and, the witness not having shown himself qualified to express an opinion on this subject, the testimony was properly rejected.

[11] There was no error in rejecting the testimony of appellant to the effect that he needed the services of a chemist in his business and it was an inconvenience to him to discharge appellee. This testimony would only tend to show that appellant was honest in his belief that appellee was not competent or was not performing his work in a skill-ful manner, and was not material upon the issue of whether appellee was in fact competent and performed his work in a proper manner.

Under the remaining assignments of error the contention is made that the contract was only a contract of employment from month to month and not for the whole time stated in the contract, and therefore appellee was not entitled to recover compensation for the full time covered by the contract.

[12] There is no merit in these assignments. The contract, which has been before set out, cannot be construed as only binding appellant to employ appellee for one month at a time, but is clearly a contract for employment for 10 months, and is not divisible. Litchenstein v. Brooks, 75 Tex. 196, 12 S. W. 975.

[13, 14] By his breach of this contract appellant became liable for the full amount of the compensation agreed to be paid appellee for the entire time covered by the contract, less any amount that appellee earned, or by the use of proper diligence could have earned during said time, which he could not have earned if he had been permitted to perform the services required of him under the contract.

The undisputed evidence shows that appellee did not earn any amount during said time that he could not have earned had he been permitted to perform his contract, and there is no evidence tending to show that he did not earn all that he could have earned by reasonable diligence.

Upon this state of the evidence appellee was entitled to recover the full amount agreed to be paid him by appellant. County of Galveston v. Ducie, 91 Tex. 665, 45 S. W. 798.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.