One of the questions certified reads as follows:

"What was the legal effect, as to the validation of this road district and of these bonds, of Chapter 17 of the General Laws of the First Called Session of the Thirty-Ninth Legislature of Texas, approved October 18, 1926?"

Among the purposes of the Legislature in passing sections 1 and 2 of the act mentioned in the certified question, was the purpose to ratify the formation of all road districts which had theretofore been formed in pursuance of the provisions of article 627 and succeeding articles of the Revised Statutes of 1911, and amendments thereto; and thus invest such districts, from the time of their formation, with all the power and authority they would have had if they had been created and defined by law, as bodies corporate, in the first instance. This purpose was accomplished by the passage of said two sections of the act.

At the time these districts were originally formed, any "defined district" in a county had authority under said pre-existing statutes to issue bonds and levy taxes as prescribed in those statutes. In order, however, for this authority to be effectually exercised, it was necessary that such district be created by the Legislature or under properly delegated legislative authority. Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330. Since the Legislature was authorized to create and define the districts in the first instance (state Constitution, art. 3, § 52), its ratification of the formation of the districts which had been formed previous to the passage of the act in question had effect to give said districts, from inception, the legal 'status of "defined districts" created by the Legislature as bodies corporate; and all bonds and tax levies, which met the requirements of the pre-existing statutes, became valid. Anderson County Road District v. Pollard, 116 Tex. 547, 296 S. W. 1062.

All the bonds involved in this suit were validated by the act in question; and those holders who acquired them before the passage of the act can no longer be deprived of the character of holders in due course by the mere fact that the bonds, because of lack of power in the district to issue them, were invalid when acquired.

What has been said furnishes answer to the certified question set out, and we recommend that it be so answered.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## MILLIKEN v. TOWNSEND.
### (No. 1195—4910.)

Commission of Appeals of Texas, Section A.
April 24, 1929.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for plaintiff in error.

Phillips, Townsend & Phillips, of Dallas, for defendant in error.

HARVEY, P. J. On May 29, 1924, the plaintiff in error, M. W. Townsend, and the

defendant in error, Mrs. S. G. Milliken, **a** feme sole, entered into a contract in writing duly executed by both parties, whereby the latter, in effect, promised to convey to Townsend her home and certain household effects therein, and, in consideration of the above promise of Mrs. Milliken, Townsend promised to convey to Mrs. Milliken the homestead of Townsend and his wife in the city of Dallas and to pay a stipulated sum in cash to Mrs. Milliken and to assume a specified indebtedness which was outstanding against her said property. After abstract of title had been furnished by Townsend to Mrs. Milliken, as provided in the contract, and the title to the Townsend homestead was approved by her agent, Mrs. Milliken repudiated the contract for the reason that her daughter objected to the sale. Townsend was at all times ready and willing to carry out his part of the contract, and, within the time contemplated by the contract, tendered performance of his several promises, including the offer of a general warranty deed which purported conveyance of his said homestead to Mrs. Milliken, which deed was duly executed and acknowledged by Townsend and his wife. The tender not being accepted by Mrs. Milliken, Townsend, in due time, brought this suit against her for specific performance of the contract, and also to recover the difference between the rental value of the Milliken property and that of the Townsend homestead from the time Mrs. Milliken repudiated the contract. In his petition, Townsend again offered full performance of his promises, and, at the trial, produced in court the above-mentioned general warranty deed to his homestead. At the time the contract was made Townsend and his wife resided on the property covered by said deed and continued thereafter to reside thereon as their home and were so residing thereon at the time of trial. Mrs. Townsend is not a party to the suit, but she testified as a witness at the trial, and identified the last-mentioned instrument as being her act and deed.

The contract imposed mutual obligations on the contracting parties. Although Townsend was unable to perform his promise to convey to Mrs. Milliken the homestead of himself and wife, unless his wife consented to the conveyance, the promise nevertheless constituted a legal obligation. This obligation was capable of being performed by Townsend, and of being specifically enforced against him, when the legal obstacle to performance was removed. Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619. When Mrs. Townsend supplied her consent to such conveyance in the manner prescribed by law, as she did, the legal obstacle to performance of Townsend's obligation in that respect was removed. Having then become able to perform his contract in all respects, and being ready and willing to do so, Townsend was entitled to demand specific performance of Mrs. Milliken's obligations under the contract. Tison v. Smith, 8 Tex. 148; 5 Pom. Eq. Jur. (2d) § 2194. His offer in this suit, of the deed duly signed and acknowledged by himself and wife, furnished the court with the means of giving Mrs. Milliken, by appropriate orders respecting delivery of the deed and possession thereunder, the benefit of performance by Townsend of his obligation to convey to her his homestead. No reason appears for refusing to ascribe to the deed the verity and legal sufficiency as a conveyance which its terms imply. For aught that appears in the record. a delivery of the instrument under the direction of the court will invest Mrs. Milliken with title to the property as effectually as if a delivery thereof were made by both grantors in person. No suspicion is suggested, as to the validity of the instrument, by either pleading or proof. Its effectiveness as a conveyance when delivered, is not in anywise brought in question.

Mrs. Townsend is not a necessary party to this suit. The only interest she has in the obligations of Mrs. Milliken, which are sought to be enforced, is in community with her husband. He is empowered, in behalf of the community, to sue for the enforcement of these obligations without the joinder of his wife in the suit.

Counsel for Mrs. Milliken insist that Townsend has an adequate remedy at law, in that a breach of Mrs. Milliken's obligations under the contract affords him cause of action for damages. This legal remedy is regarded in equity as inadequate when the subject-matter of the contract sought to be specifically enforced is real estate. 1 Pom. Eq. Jur. § 221; 4 Id. § 1402. A different rule is not to be observed in cases where, as is the case here, both real estate and personal property constitute the subject-matter of the entire contract. 36 Cyc. 564, and authorities cited.

All other questions raised by counsel have received consideration, and no valid reason is found for denying Townsend the specific performance sought by him, upon his performing his part of the contract under the direction of the court, as he offers to do.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court, and remanding the cause, be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.