## BUEHRING et ux. v. HUDSON et ux.
### No. 12046.

Court of Civil Appeals of Texas. Galveston.
March 31, 1949.

Rehearing Denied May 5, 1949.

Billy B. Goldberg and Aaron Hessel, both of Houston, for appellants.

John C. Ridley, of Houston, for appellees.

CODY, Justice.

This was an action brought by appellants to recover damages for the breach of a written contract by the terms of which appellees, A. C. Hudson and wife, agreed to convey their homestead, which is located in one of the suburbs of Houston, by a good and sufficient warranty deed to appellants.

Appellants (plaintiffs) pled the terms of the contract verbatim, and pled the breach of the contract, and pled that the breach was wilful and malicious. Appellants sought to recover, as the measure of their damages, the difference between the price which appellees had agreed to sell the property and the market or salable price of the property. Appellants additionally sought to recover special damages.

Appellees appear to have defended principally upon the ground that public policy did not permit a judgment to be rendered against a husband for damages for the breach of a contract to sell a homestead because to do so would indirectly force the wife to comply with the contract to sell the homestead, whereas such a contract was not enforceable as against the wife. Appellees also pled other defenses, including mutual rescission of the contract, but in view of the fact that the record shows that no special issues were submitted to the jury relative to said pled defenses, it is unnecessary to further indicate the nature of the special defenses.

Coming to the evidence: It was undisputed that the property in question was the homestead of appellees. It was further undisputed that the appellees and appellant, Howard Ted Buehring, executed on October 25, 1945, a contract in writing for the sale of the aforesaid homestead by appellees to appellant Howard Ted Buehring and wife, for $10,500.00 cash, and that no time was specified in the written contract for the performance thereof. In connection with the contract, it should be noted that neither side appeared to have invoked the parol evidence rule with respect to the agreement of the parties, and it was proved without dispute that the price agreed upon by the parties was $9,500 cash, instead of the sum of $10,500, which is specified in the written contract. It was further undisputed that in April, 1946, appellees conveyed the said property to a third party for the sum of $13,500, being $4,000 more than the aforesaid specified contract price. And in this connection, it should be noted that appellants introduced evidence that the market value of the property at the time the same was sold to the aforesaid third party was the sum of $13,500; and that appellees introduced no evidence on value, so that the evidence stands undisputed in the record that the market value of the property in question was $13,500 when same was conveyed to the third party.

At the conclusion of all the evidence, appellees moved for a directed verdict. The court, however, announced that he would take the motion along with the case and then submitted the case to the jury upon a single issue which, as answered, found that on or about October 25, 1945, the appellees did agree in writing to sell their home to appellant Howard Ted Buehring. The jury's finding was by the court duly received and filed. Then, some 10 days after said verdict was so received, the court

took up the motion for directed verdict and heard argument thereon and rendered judgment for appellees, which recites that the court "being fully advised in the premises," "rendered judgment in favor of defendants and against plaintiffs; it is therefore ordered adjudged and decreed * * * " that appellants take nothing by their suit and go hence without day. In connection with the court's charge, it should be noted that neither party filed any exceptions or objections thereto. It is not clear why the special issue was submitted to the jury of whether on or about October 25, 1945, appellees agreed in writting to sell their home to appellant Howard Ted Buehring. It was undisputed that appellees and said appellant executed the written instrument, and the written contract, as a matter of law, evidenced the agreement of appellees to sell their home to appellant Howard Ted Buehring.

Appellants predicate their appeal upon two points which are in substance:

I. That the court erred in refusing to render judgment for appellant against appellee A. C. Hudson for the sum of $412.50 which was the sum actually spent by appellants in reliance upon the contract.

II. That the court erred in refusing to render judgment against appellee A. C. Hudson for the sum of $4,000 which was the amount of the difference by which the market value of the property exceeded the contract price therefor.

We find ourselves constrained to sustain appellants' second point.

■ Appellants made out a prima facie case by proving up the written contract. The fact that neither side invoked the parol evidence rule, and admitted parol evidence to prove without dispute that the agreed purchase price was $9,500, but that it was written into the contract as being $10,500 to serve a purpose of appellant Buehring, in no way overcame the prima facie case made out by proving up the contract.

■ The fact that the contract of sale fixed no time for its performance did not evidence that the minds of the parties had not met with respect to an essential element of the contract. "When a contract of sale fixes no time for performance, the law allows a reasonable time. In other words, if the parties do not agree upon the time, an agreement for performance within a reasonable time will be implied." 43 Tex.Jur., P. 142. Since appellants made out a prima facie case of a contract of sale, and proved that appellees had placed it beyond their power to perform by conveying the property to a third party in April, 1946, the burden of proof, or at least of going forward with the evidence, was shifted to appellees to show either that the contract was not valid, or that it had expired or had been rescinded before the sale to the third party; or to show some ground that would excuse performance of the contract. It may be that appellees produced some evidence that would have supported a finding of mutual rescission; but certainly no evidence is shown to have been produced which established mutual rescission as a matter of law. And no objections were made to the court's charge by either party, and no special issues which were not given by the court were requested by either party.

Appellee A. C. Hudson was called as a witness by appellants, and gave his reason for breaching the contract of sale as follows: "That I didn't want to sell my house and the title man told me he (appellant Buehring) had no deal at all; that that was my homestead and I was privileged to do whatever I wanted to do with it." Mrs. Hudson gave as her reason for refusing to perform the contract, that she didn't want to convey her homestead until she had a place to move into. Thus, it appears that Mr. Hudson's reason for breaching the contract to sell his homestead to appellants was his belief that, under the law, his contract to convey his homestead created no liability for its breach.

When this case was tried, there was considerable uncertainty among lawyers and textbook writers on the question of liability of the homestead claimant in damages for the breach of a contract to sell the home. This uncertainty, at least in part, was due to dicta which appeared in the opinions of certain cases which had been decided by Courts of Civil Appeals. After this case was tried, the case of Nelson v.

Jenkins, writ refused, Tex.Civ.App., 214 S.W.2d 140, 144, was decided, and this decision freed the question of uncertainty as to what the Supreme Court would hold on the question.

Briefly stated, the facts in the Nelson case were: That Nelson executed a contract to convey his homestead to Jenkins, and, through no fault of Jenkins, Nelson believed that the contract required performance within ten days from the date of its execution. But on the date the contract was executed, Nelson's wife discovered that the contract contained no such time limitation, and she immediately decided that she would not execute the deed in performance of the contract. A few days later Nelson and his wife executed a conveyance to a third party for a consideration of $1,500.00 more than the contract price of the breached contract. And upon the trial Nelson testified that he knowingly, willingly, and intentionally broke the contract, and it appeared to the court that Nelson's reason for breaking the contract was not solely because his wife refused to sign the deed. In holding Nelson liable in damages in an amount equal to the difference between the contract price and the market value of the property, the court said:

"Even disregarding the increased price he received for the property his testimony evidences an utter lack of an honest effort on his part to perform the contract and a wilful intention to breach it, regardless of the fact that his wife refused to sign the deed. In other words, a lack of good faith. Under such circumstances, by all the authorities appellant is entitled to recover his damages, including the loss of his bargain."

In the course of the opinion, the court held that, logically, the same measure of damages ought to be applied in the case where a husband breaches his contract to convey his homestead, where he entered into such contract in good faith and in good faith sought to perform, but was prevented from performing solely by reason of his wife's refusal to perform, as is applied as the measure of damages recoverable by a purchaser where the vendor is unable to make title as agreed, in the absence of fraud; i.e., the amount paid on the contract, if any, with interest and such special damages, not including the loss of his bargain, as he may allege and prove. But that such is not the measure of damages under Goff v. Jones, 70 Tex. 572, 8 S.W. 525, where it was held that the purchaser was entitled to recover damages for the loss of his bargain.

■ Appellee A. C. Hudson's testimony clearly showed that he made no effort whatever to perform the executory contract of sale of his home to appellants and that he made no effort because he thought the contract was not binding. Under the undisputed evidence in this case, under the authoritative holding in Nelson v. Jenkins, supra, appellants were entitled to recover damages for the loss of their bargain.

■ We overruled appellants' first point. Not only did appellants fail to submit special issues and secure findings which would establish that the special damages were in the contemplation of the parties, but the damages sought to be recovered were admitted by appellants, in oral argument upon submission, to be such that, in case they received judgment for damages for the loss of their bargain, would necessarily be covered by such judgment, and would amount to double recovery.

We must reverse the judgment of the trial court, and here render judgment that appellants recover judgment against A. C. Hudson in the sum of $4000, together with interest thereon from the date judgment was rendered below at the rate of six per cent per annum.