Charles Morris, Garey & Morris, Thomas S. Goggan, Austin, for appellant.

Jerry C. Saegert, Austin, for appellees.

**Tom T. ALLEN, Appellant,**

v.

**Gordon H. MONK and Earline C. Monk, Appellees.**

**No. 12054.**

Court of Civil Appeals of Texas, Austin.

July 25, 1973.

Rehearing Denied Aug. 15, 1973.

O'QUINN, Justice.

Tom T. Allen, appellant, brought this suit in September of 1972 seeking specific performance of an executory written contract under which Gordon H. Monk and wife, Earline C. Monk, agreed to sell their homestead in Wilshire Wood subdivision in Austin to appellant.

Both parties moved for summary judgment. The trial court granted the motion of defendants and entered judgment on January 26, 1973, that plaintiff take nothing by his suit for specific performance.

The trial court found no genuine issue as to any material fact and that the defendants, Gordon H. Monk and Earline C. Monk, were entitled to judgment as a matter of law in that the Texas Family Code, sec. 5.81, V.T.C.A., ". . . does not change the prior law but broadens it, in that where a husband and wife have entered into an executory contract to sell their homestead, either spouse may refuse to convey the property and the Court will not order specific performance of the contract."

Allen perfected his appeal and brings one point of error: That in denying specific performance the trial court erred because "an executory contract for sale of real property, executed by husband and wife, is specifically enforceable, notwithstanding that the property involved is homestead."

We will overrule the point of error and affirm the judgment of the trial court.

Texas courts have consistently followed since 1885 the decision in Jones et ux. v. Goff, 63 Tex. 248 (1885), and refused to recognize the homestead as the subject of an enforceable contract to sell. There the Court declared, ". . . the important question to be determined is as to the power of the court to decree a specific performance, as against a married woman, of an executory contract for the conveyance of all or a portion of the homestead, when she refused to convey in accordance with the contract." (63 Tex. 253)

"With us," the Court announced, "the power to sell or otherwise dispose of the homestead is derived from the constitution and statute; the former declaring that it shall not be disposed of except as prescribed in the latter. The statute makes no provision whatever for the wife to enter into agreements or executory contracts to convey the homestead at some future time. That is not one of the modes provided by statute in which she may divest herself of the homestead right." (63 Tex. 255)

The relevant provision of the Constitution of Texas is Article XVI, Section 50, Vernon's Ann.St., in which it is prescribed that the owner of the homestead ". . . if a married man, [shall not] sell the homestead without the consent of the wife, given in such manner as may be prescribed by law."

The applicable statute in 1885 was Article 560 of the Revised Statutes of 1879:

"The homestead of a family shall not be sold and conveyed by the owner, if a married man, without the consent of the wife. Such consent shall be evidenced by the wife joining in the conveyance, and signing her name thereto; and also by her separate acknowledgment thereof taken and certified to before the proper officer and in the mode pointed out in chapter two, title lxxxvi."

The basis for the decision in Jones et ux. v. Goff is found in the scope of the statute as stated by the Court:

"The *sole* and *only* mode prescribed by statute is by 'conveyance,' in which she joins the husband, and which she acknowledges privily and apart from him. To the word conveyance, as used in the statute, must be assigned its ordinary signification; that is, a writing by which property is conveyed from one to another. As before remarked, the statute does not include agreements to convey, but conveyances only." (Emphasis by the Court, 63 Tex. 255).

Appellant contends that with repeal of the statutory requirement that a wife must be examined privily and apart from her husband in acknowledging an instrument in writing and with changes in the language of statutes succeeding Article 560 in the Code of 1879, specific enforcement of an executory contract to convey homestead property is no longer prohibited.

After tracing the evolution of the statutes, appellant argues: "The entire thrust of the previous legislation concerning the wife's separate property and the family's homestead property was the protection of the wife against third parties and indeed unscrupulous or improvident husbands. The thrust of the modern reforms culminating in the present Family Code is the release of the wife from the disabilities of coverture and the equalization of the spouses in the area of responsibility for their contractual obligations. To invalidate a contract executed by both spouses in [is] to in effect expand the disability of coverture to include both spouses."

The present statute governing transactions affecting title to the homestead reads:

"Whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber it without the joinder of the other spouse except as provided in Section 5.82, 5.83, 5.84, or 5.85 of this code or by other rules of law." (Section 5.81, Family Code; Acts 1969, 61st Leg., p. 2707, ch. 888, at p. 2730, effective January 1, 1970).

Section 5.81, like its predecessors, preserves the constitutional shield for the wife, but extends it to cover the husband whose consent is required to sell, convey, or encumber the homestead. The reasoning of the Court in Jones et ux. v. Goff remains valid when applied to the current statute. To paraphrase: The statute makes no provision whatever for the wife, or the husband, to enter into agreements or executory contracts to convey the homestead at some future time; that is not one of the modes provided by statute in which she may divest herself, or in which he may divest himself, of the homestead right.

The current statute makes joinder of both husband and wife necessary to "sell, convey, or encumber" the homestead. The term conveyance was used in the statute considered by the Court in Jones et ux. v. Goff, and the Court held it to be a writing by which property is conveyed from one to another. To sell, when applied to real property, can mean only a transfer of real estate by conveyance, for a contract to sell does not pass title. Jefferson County Investment and Building Association v. Gaddy, 90 S.W.2d 295, 299 (Tex.Civ.App. Beaumont 1936, writ ref.).

We conclude that the same limitation in earlier statutes has been carried forward by the Legislature in Section 5.81 of the Family Code, with its language indicating safeguards for the homestead to be applied equally to both spouses. Applying the construction aids authorized for a court in examining provisions of a code, we are unable to find any indication that the Legislature intended to change the former laws so as to render decisions of the Supreme Court made under the earlier statutes inapplicable to the new statute. (Article 5429b–2, sec. 3.03, V.A.T.S.; Acts 1967, 60th Leg., p. 1036, ch. 455). See Warren v. Jones, 69 Tex. 462, 6 S.W. 775, 776 (1888).

The trial court correctly applied the statute and properly refused to order specific performance of the contract.

The judgment of the trial court is affirmed.

Affirmed.