Tom T. ALLEN, Petitioner,

v.

Gordon H. MONK et ux., Respondents.

No. B–4221.

Supreme Court of Texas.

Jan. 30, 1974.

Rehearing Denied March 13, 1974.

Garey & Morris, Charles Morris, Thomas S. Goggan, Austin, for petitioner.

Jerry Saegert, Austin, for respondents.

McGEE, Justice.

This is a suit for specific performance by a purchaser to compel the sale of a homestead under a written contract executed by Defendants Gordon H. Monk and wife, Earline C. Monk. The trial court granted summary judgment for Defendants which was affirmed by the court of civil appeals. 498 S.W.2d 29. We reverse the judgments of the courts below and remand the cause to the trial court for further proceedings consistent with this opinion.

The facts in this case are undisputed. Both husband and wife executed a contract to sell their homestead. They then refused to perform the contract. The only question before this Court is whether relatively recent statutes have changed the prior law which denied the remedy of specific performance to enforce an executory contract for the sale of a homestead.

The applicability of statutes and decisions must be divided into two parts: (1) the period of time up to January 1, 1968, and (2) the period of time beginning January 1, 1968.

Prior to the January 1, 1968 changes in statutory law, and prior to the effective date of the Texas Family Code, January 1, 1970, a married woman could, by virtue of a statutory requirement of a privy acknowledgment on her deed to a homestead, retract or repudiate a contract, and could refuse to sign and acknowledge a deed relative to such contract. Stated otherwise,

prior to these dates, specific performance would not be granted to a purchaser to enforce an executory contract, executed by both husband and wife, to convey homestead property. Jones v. Goff, 63 Tex. 248 (1885).

Homestead rights have their origins in constitutional and statutory provisions and not in common law. 40 C.J.S. Homesteads § 2. We must, therefore, turn first to the provisions of Tex.Const. art. XVI, § 50, Vernon's Ann.St.:

". . . nor shall the owner, if a married man, sell the homestead without the *consent* of the wife, *given in such manner as may be prescribed by law.*" [Emphasis added].

■ We must look to the statutes to determine how the wife may evidence her consent. The Constitution on its face does not invalidate contracts to convey. Goff v. Jones, 70 Tex. 572, 577–578, 8 S.W. 525, 527 (1888). The Constitution merely prohibits the husband from selling the homestead without the consent of the wife, given in such manner as may be prescribed by law.

The manner in which the wife's consent was to be manifested was originally governed by the provisions of Article 560 and was carried forward in Article 1300, which provided as follows:[1]

"The homestead of the family shall not be sold and conveyed by the owner, if a married man, without the consent of the wife. *Such consent shall be evidenced by the wife joining in the conveyance, and signing her name thereto, and by her separate acknowledgment thereof taken and certified to before the proper officer, and in the mode pointed out in Articles 6605 and 6608.*" [Emphasis added].

Article 6605 provided as follows:

"No acknowledgment of a married woman to any conveyance or other instru-

ment purporting to be executed by her shall be taken, unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment on an examination privily and apart from her husband; nor shall he certify to the same, unless she thereupon acknowledges to such officer that the same is her act and deed, that she has willingly signed the same, *and that she wishes not to retract it.*" [Emphasis added].

Article 6608 promulgated the form of acknowledgment prescribed in Article 6605, supra.

Thus, the Constitution requires the wife's consent to be given in such manner as prescribed by law. The statutes required that consent must be evidenced by the wife's joinder in the conveyance, by her acknowledgment to the conveyance privily and apart from her husband, and by her statement that she does not wish to retract it.

The old Articles 560 and 1300, supra, provided that the wife's consent must be manifested by ". . . joining in the conveyance and signing her name thereto. . . ." Therefore, the Supreme Court concluded that the only permissible method of alienation of the homestead was by *conveyance.* Jones v. Goff, supra.

In 1921, the Legislature enacted Article 4618, which provided in part as follows:

"The homestead, whether the separate property of the husband or wife, or the community property of both, shall not be disposed of except by the *joint conveyance* of both the husband and the wife. . . ." [Emphasis added].

The Legislature repeated the necessity for a "joint conveyance" for disposition of a homestead.

Prior to January 1, 1968 the statutes, Articles 560, 1300, 6605 and 6608, led the courts to deny specific performance of a

---

1. References herein are to Vernon's Tex.Civ.Stat.Ann.

contract to convey a homestead. For the reason, or explanation of the application of the abolished law that permitted a married woman to retract her consent to convey a homestead, see Alexander v. Hanover Fire Ins. Co. of New York, 346 S.W.2d 667 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.), wherein the Court said:

"An executory contract to sell a homestead is not enforceable. No deeds were executed prior to the fire. While the contract was executory and unenforceable the Alexanders repudiated the contract to exchange their homestead. They had the legal power and right to do so *at any time before Mrs. Alexander stated to the notary taking her acknowledgment to a deed to her homestead that she did not wish to retract it and title passed.* 22 Tex.Jur. 116. An executory contract for the sale of a homestead cannot be specifically enforced. 38 Tex.Jur. 729. In Jones v. Goff, 63 Tex. 248, the Supreme Court considered a suit for specific performance of an executory contract to convey a homestead. It held that such a contract could be repudiated and enforcement prevented by the wife declaring her wish to retract it at any time before examination by the notary was concluded and the title passed. Since the Alexanders repudiated the contract and their contract to convey their homestead could not be enforced, no right to enforce the contract to exchange homes existed." [Emphasis added].

■ Effective January 1, 1968 the Legislature repealed Articles 1300, 6605, and 6608. Their repeal terminated the wife's statutory privilege of retracting her consent until a separate acknowledgment is taken. There is no longer any validity to the prohibition of specific performance of an executory contract to sell a homestead on this basis. This change was noted in a comment appearing in 31 Texas Bar Journal, 477 at 551 (1967), which reads in part as follows:

"(2) EXECUTORY CONTRACTS TO SELL—An interesting by-product of the repeal of the requirement for privy acknowledgment of the wife should be that an executory contract to sell the homestead can no longer be retracted by the wife and specific performance should be enforceable against both spouses who sign the agreement. Jones v. Goff (footnote citation) held that an executory contract to convey the homestead could not be enforced against the wife, since the statute required that the wife join in the conveyance and separately acknowledge; and the acknowledgment form contained the provision that, '*she did not wish to retract it.*' Until that was done, she could retract, leaving other questions about whether she or her husband would be liable for damages or whether the real estate agent who had made the sale could collect a real estate commission. This should now be history." [Emphasis added].

Concurrently with the repeal of the above articles, the 1921 version of Article 4618 was amended effective January 1, 1968 to read as follows:

"The homestead, whether the separate property of either spouse or community property, shall not be sold, conveyed or encumbered without the joinder of the spouses, except as provided herein or by other rules of law."

Thus the Legislature eliminated the requirement that the homestead could only be disposed of by "joint conveyance" and simply required that both spouses join in any disposition of the homestead.

Article 4618, as amended, was repealed effective January 1, 1970, but the language was substantially carried forward in the Texas Family Code, Sec. 5.81, V.T.C.A., which reads as follows:

"Whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber it without the joinder of the other spouse except as provided in Section 5.82, 5.83, 5.84, or 5.85 of this code or by other rules of law."

The sections of the Texas Family Code enumerated in Sec. 5.81 set out exceptions to the general principle of Sec. 5.81 that joinder of both spouses is necessary for the disposition of a homestead and are not here at issue. Sec. 5.81, like the 1968 amendment of Article 4618, does not require a joint conveyance as the sole means of disposing of a homestead. Instead, Article 5.81 implies that joinder in the sale, conveyance, or encumbrance of the homestead by the wife suffices for the consent required by the Constitution. Sec. 5.81 contains no feature invalidating a contract of sale.

A married woman has full power to contract. Sec. 4.03, Texas Family Code. With repeal of the statutory impediments to specific performance against the wife, specific performance will lie as available under common law.

Judgments of the courts below are reversed and the cause remanded to trial court for further proceedings in accordance with this opinion.