**H. D. DICKEY, Appellant,**

v.

**Bill JOHNSON, Appellee.**

No. 4692.

Court of Civil Appeals of Texas, Eastland.

June 21, 1974.

Rehearing Denied Sept. 20, 1974.

Virgil T. Seaberry, Turner, Seaberry & Warford, Eastland, for appellant.

Ben D. Sudderth and Keith Woodley, Comanche, for appellee.

McCLOUD, Chief Justice.

Our former opinion and judgment dated June 21, 1974, are hereby withdrawn and this opinion is substituted therefor.

Bill Johnson filed suit against H. D. Dickey seeking earnest money allegedly

payable to Johnson under the terms of a contract to convey real estate signed by Johnson as "seller" and Dickey as "Purchaser." At the trial the seller waived any rights he might have to specific performance. The trial court concluded in a non-jury case that the contract provided for liquidated damages and awarded the seller the sum of $2,500. The purchaser, Dickey, has appealed. We affirm.

The purchaser contends the court erred because the property in question was the homestead of seller and his wife and the seller at no time tendered to purchaser a deed properly executed and acknowledged by the seller and his wife. The record establishes that the property was the homestead of the seller and his wife; the wife did not sign the contract; and neither the seller nor his wife signed or acknowledged a deed purporting to convey the real estate to purchaser.

The trial court found that purchaser refused to pay seller the sum of money required under the contract and concluded that purchaser defaulted and breached the contract. The court also found that the seller and his wife were ready and willing to execute a deed to the purchaser.

Purchaser relies upon Milliken v. Townsend, 16 S.W.2d 259 (Tex.Com.App. 1929), a specific performance case, and Gibson & Johnson v. Ward, 35 S.W.2d 824 (Tex.Civ.App.—Eastland 1931, writ dism.), to support his argument that the seller was required to make an actual tender to purchaser of a deed signed and acknowledged by seller and his wife. The cases are not controlling. In both *Milliken* and *Gibson* a tender was made and it was held that the tender was sufficient, but neither court held that a finding by a trial court that a seller and his wife were ready and willing to sign a deed would be insufficient.

In the instant case the seller and his wife testified that they were each ready, willing and able to sign a deed when they met the purchaser at an attorney's office on February 4, 1971, to close the transac-

tion. The seller testified the purchaser refused to honor the contract and the court so found.

■ If the seller had breached the contract to convey the homestead he would have been liable for damages, even though his wife had not signed the contract. Buehring v. Hudson, 219 S.W.2d 810 (Tex.Civ.App.—Galveston 1949, writ ref'd). See also Allen v. Monk, 505 S.W. 2d 523 (Tex.Sup.1974), which recently held that if a seller and his wife sign the contract, the purchaser may demand that it be specifically performed.

■■ We hold that the purchaser's default and breach relieved seller of the obligation of tendering to purchaser a deed executed and acknowledged by seller and his wife. We think the finding by the court that seller and his wife were ready and willing to execute a deed is sufficient. Moore v. Jenkins, 109 Tex. 461, 211 S.W. 975 (1919); Moore v. Middleton, 12 S.W. 2d 995 (Tex.Com.App.1929); Mathews v. Caldwell, 258 S.W. 810 (Tex.Com.App. 1924); Young v. Watson, 140 S.W. 840 (Tex.Civ.App.—Galveston 1911, writ ref'd); Armstrong v. Palmer, 218 S.W. 627 (Tex.Civ.App.—Amarillo 1920, writ ref'd); American Fidelity & Causalty Co. v. Williams, 34 S.W.2d 396 (Tex.Civ.App. —Amarillo 1930, writ ref'd).

■ Next purchaser argues that the contract failed to provide for earnest money deposit or forefeiture. We disagree.

The contract provides, "the purchase price is $27,000, payable as follows: $2,500 cash (of which Purchaser has *deposited with* the undersigned Agent as part payment, receipt of which is hereby acknowledge by said agent); and the further consideration of a cash payment of $24,500." (emphasis added) The contract further provides, "should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain such *cash deposits as liquidated damages* for the breach of

this contract . . . ." (emphasis added)

The printed contract form was obviously filled in by a layman. The "Agent" is not named in the contract and no person signed the contract as "Agent." The contract, however, does provide that the "cash deposits" can be retained as liquidated damages and also states that $2,500 has been "deposited with the undersigned Agent."

The record shows that the contract was prepared by Mrs. Jenkins, and signed by both parties at her office on December 24, 1970. At that time the purchaser also signed and delivered to Mrs. Jenkins a check for $2,500 payable to "Escrow." Mrs. Jenkins retained the original contract and the check.

■ If there is any doubt as to the meaning of a contract the court should consider the interpretation placed upon it by the parties. Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504 (1942); James Stewart & Co. v. Law, 149 Tex. 392, 233 S.W.2d 558 (1950). This rule is applicable to the contract under consideration. Rule 67, Texas Rules of Civil Procedure. The contract provides for a $2,500 cash deposit. It further provides that the "cash deposits" can be retained as liquidated damages in the event of default. The purchaser left a $2,500 check payable to "Escrow" with the person who prepared and held the original contract. We hold that the parties contracted for the payment of $2,500 as liquidated damages.

Purchaser also argues that the finding by the court that the contract was not abandoned or rescinded by the seller is so against the great preponderance of the evidence as to be clearly and manifestly wrong. We have examined the entire record and overrule purchaser's contention. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

■ Purchaser further contends there is no showing in the record when the abstracts were delivered to the attorney for examination. We disagree. The contract was signed December 24, 1970. The seller testified that he delivered the abstracts to the attorney about "two weeks" after the contract was signed. There is some evidence in the record to support the trial court's implied finding that the abstracts were timely delivered.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.

RALEIGH BROWN, Justice (dissenting).

I respectfully dissent. In Gibson & Johnson v. Ward, 35 S.W.2d 824, (Tex. Civ.App.—Eastland 1931, writ dism.). The rule was stated as follows:

" . . . when a husband enters into an executory contract for the sale of a homestead, and afterwards tenders to the purchaser a sufficient conveyance joined in by his wife, the husband can compel the purchaser to respond in damages if he fails to take and pay for the land. Milliken v. Townsend (Tex.Com.App. 16 S.W.2d) 259."

At no time did the seller in the instant case tender to purchaser a deed properly executed and acknowledged by Seller and his wife. Therefore, a legal obstacle to performance by the seller was never removed. The testimony of the seller and his wife at the trial that they were ready, willing and able to execute a proper deed, was not sufficient. Since a valid deed was never tendered, the seller failed to properly show that he was able to perform his contract. Under such circumstances I would hold that the seller is not entitled to liquidated damages.