### DYER v. CHAMNESS et al. (No. 1769.)*

(Court of Civil Appeals of Texas. El Paso. June 4, 1925. Rehearing Denied June 18, 1925.)

**Mines and minerals** ⊛⇒78(1)—**Provision of contract for payment of annual rentals held merged in, and controlled by, subsequently executed lease.**

Contract, providing for payment of annual rentals and making of oil lease, *held* merged in, and controlled by, subsequently executed lease, providing that commencement of well within year from date should operate as rental for year.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Suit by J. F. Dyer against A. E. Chamness and others. Judgment for defendants, and plaintiff appeals. Affirmed.

B. L. Russell, of Baird, and Dallas Scarborough, of Abilene, for appellant.

Ben. L. Cox and Thos. E. Hayden, Jr., both of Abilene, for appellees.

WALTHALL, J. Appellant, J. F. Dyer, filed this suit against A. E. Chamness and others, seeking to cancel an oil and gas lease, and to remove cloud from title by reason of the lease on the land embraced in the lease contract. Other parties intervened, but we need not set out the pleadings at length as the defense is the same. The appellees answered in effect that they had

complied with the lease contract, and for that reason the lease should not be canceled.

The case was tried without a jury, resulting in a judgment denying appellant the relief prayed for. The contracts were entered into by the parties having reference to the lease of the lands; one of date October 30, 1922, and one of November 15, 1922.

The trial court's findings of fact and conclusions of law outline and indicate the judgment of the court and the issues to be decided here:

"At the request of plaintiff, I file the following as findings of facts and conclusion of law in the above entitled and numbered cause:

"1. I find that on October 30, 1922, plaintiff and Case et al. entered into a preliminary contract in writing, but not acknowledged, signed by all the parties looking to the execution of an oil and gas lease on the land in controversy owned by plaintiff, said memorandum providing that plaintiff would, upon an approval of title, execute a lease on what is known as the 88 form contract, and that the annual rental would be 50 cents per acre, the cash consideration to be $7,518. Said memorandum also provided that at any time the royalties on any section drilled upon should equal the rentals on said section, then the rental for said section should not be paid, for that year, but that rentals at 50 cents per acre should be paid on all other lands.

"2. I find that, after approval of said titles, plaintiff executed the usual 88 form lease to Case, as trustee, for a consideration of $7,518, providing that, if a well was not commenced within 12 months, then a rental of 50 cents per acre should be paid, and, if the well should be a dry hole, then, in like manner, if another well should not be commenced within one year, the rental should be paid, and said lease is hereto referred to for its terms and provisions.

"3. The provisions of the preliminary memorandum of agreement of date October 30th were not brought into the lease later executed, to wit, on the 15th of November, A. D. 1922.

"4. I further find that Case and associates assigned said lease of 7,518 acres to defendants for a consideration of $1.35 per acre, but that defendants, at the time, had notice of the preliminary memorandum of agreement, although the same was not recorded for some months after defendants purchased said lease.

"5. I further find that defendants, before the expiration for said lease, duly and in compliance with the terms of the lease, drilled a well to the depth of the nearest known producing sands in the vicinity of said land, and have complied with the provisions and terms of said lease by timely drilling on said land in lieu of rental payments."

"Conclusion of Law.

"I conclude as a matter of law that the preliminary negotiations, not being simultaneous with the execution of the lease, were merged into said lease, and that said lease speaks the full and only contract between plaintiff and defendants, and that plaintiff should take nothing by his suit."

The suit was brought on the theory that the two instruments referred to in the court's findings should be construed together as one instrument, while the contention made by the appellees is that the contract of October 30th, by its terms, contemplated the final lease contract of November 15, 1922, and the two contracts not being simultaneous, and each having separate and distinct objects in view, the latter superseded the former in all respects by its provisions in stating the final contract between the parties.

Appellants' propositions, while several in number, center upon the contention that the court was in error in finding and concluding that the contract of October was merged in the contract of November; that the court should have considered the two instruments together to the end that legal effect be given to the two contracts.

The second and third paragraphs of the October, 1922, contract read as follows:

"Second. There shall be paid an annual rental in advance of 50 cents per acre, subject to the following conditions: That, should the royalty on any two adjoining sections equal or exceed the amount of rental due on those sections, no rental shall be paid for that year, but on all other land there shall be due and payable in advance the 50 cents an acre rental above mentioned.

"Third. Lease to be made on form No. 88, to R. L. Case, trustee."

Paragraph 3 of the lease contract of November 15, 1922, reads as follows:

"If no well be commenced on said land on or before the 15th day of November, 1923, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor, or to the lessor's credit, in the First National Bank of Baird, Tex., or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of $3,759, which shall operate as a rental, and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders, the commencement of a well may be deferred for like periods of same number of months successively."

As found by the court, the provisions of the October agreement were not brought into the November agreement. There evidently is a repugnancy between the two contracts; the one providing for the payment of annual rentals, and the other clearly expressing that the commencement of the well on the land on or before one year from that date should operate as a rental for one year. Should the two contracts be taken together, as claimed by appellant should be done, then we would have appellees paying the rentals each year as under the first contract, and, also, at the same time, digging a well each year, as under the second contract, each

necessary to avoid the forfeiture of the lease.

Such, evidently, was not within the contemplation of the parties in making the two contracts. Neither contract expressly provides that the lessee must at the same time pay rental and commence a well. But the November contract seems to provide that the commencement of the well shall operate as a rental payment.

The suit here was filed on the 14th day of May, 1924, to forfeit the lease, and remove cloud from title by reason of the lease. Elliott on Contracts, § 1524, states the rule to be:

"Where parties make several contracts concerning the same subject-matter, but upon different dates, and inconsistent with each other, the latter must control their respective rights, liabilities, as far as it goes."

To the same effect is 6 R. C. L. p. 923, § 307; Simpkins' Contracts and Sales (3d Ed.) p. 526; 9 Cyc., p. 595, in which it is said:

"If agreements be made between the same parties concerning the same subject-matter, but the terms of the latter are inconsistent with those of the former so they cannot subsist together, the latter will be construed to discharge the former." Housekeepers Pub. Co. v. Swift et al., 97 F. 290, 38 C. C. A. 187 —, citing a number of authorities; 13 C. J. at page 520.

Appellant admits in his brief that there is a "direct conflict between the lease and the provisions of the small contract," but contends that the contracts taken together shall be construed most favorable to the lessor, and refers us to Producers' Oil Co. v. Snyder (Tex. Civ. App.), 190 S. W. 514; Frost v. Martin (Tex. Civ. App.), 203 S. W. 72, and Stine v. Producers' Oil Co. (Tex. Civ. App.), 203 S. W. 126.

We have reviewed the cases, and, without setting out the matters there decided, are of opinion they are easily differentiated in their facts and points decided from the case before us.

Finding no reversible error, the case is affirmed.