## GIBSON & JOHNSON v. HILL et ux.

### No. 2482.

Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

C. G. Whitten and D. M. Oldham, both of Abilene, for appellants.

Kirby, King & Overshiner, of Abilene, for appellees.

HIGGINS, J.

This is a suit by appellees Hill and wife against the appellants Gibson & Johnson to recover damages for breach of contract. The nature of the cause of action set up and the contract in question is shown by the opinion in Read v. Gibson & Johnson (Tex. Civ. App.) 12 S.W.(2d) 620 (writ of error dismissed), to which reference is made.

The case was submitted upon special issues as follows:

"1. Did the Defendant Gibson, about May 17, 1927, tell Plaintiff C. F. Hill, that Defendants would cancel the lease contract because one Reeves would not perfect the title to his land?

"2. Did Defendants, or either of them, on or about May 17, 1927, notify plaintiff C. F. Hill that they would not carry out the terms of the lease contract?

"3. Did plaintiff C. F. Hill agree with Defendants or either of them, that the lease contract might be cancelled without the defendants, Gibson & Johnson, paying the $5.00 per acre penalty provided for in said lease contract?"

Issues 1 and 2 were answered in the affirmative; No. 3 in the negative.

Judgment was rendered in plaintiffs' favor for damages as prayed.

The first question presented complains of the court's ruling upon certain special exceptions interposed by the plaintiffs to portions of the answer.

■ The order upon the exceptions is obscure as to its meaning and effect. If it is to be construed as sustaining exceptions to that portion of the answer setting up mutual mistake, then we would regard the ruling as erroneous. But as we construe the order it sustained exceptions to the plea that the contract was ambiguous. As thus construed, the ruling presents no error, for the Eastland Court of Civil Appeals in the case above cit-

ed, in effect, held the contract to be unambiguous.

■ The ninth proposition asserts the court erred in construing the contract as severable. This matter was decided against appellants in the case cited.

We do not clearly grasp the contention of appellants as presented by the 'remaining propositions. As we understand same, the propositions present no error, for the reasons: The doctrine of merger has no application because the lease contracts were never consummated. The failure so to do is the basis of the plaintiffs' cause of action.

■ The plaintiffs rested under no obligation to see that the other lessors cleared their titles and tendered leases. See case above cited.

■ The failure of Mrs. Hill to sign and acknowledge the contract sued upon presents no error, in view of the fact that her husband signed as her authorized agent, and the further fact that she did sign and acknowledge the lease called for in the contract and deposited same with the escrow agent. The evidence does not show that the plaintiffs' land was a homestead, and, if it did so show, it would be unimportant, in view of the fact that Mrs. Hill and husband signed and acknowledged the lease called for by the contract and deposited same with the escrow agent.

Affirmed.