## GIBSON & JOHNSON v. GIST.
### No. 791.

Court of Civil Appeals of Texas. Eastland.
Jan. 23, 1931.

Rehearing Denied Feb. 20, 1931.

C. G. Whitten and D. M. Oldham, Jr., both of Abilene, for appellants.

Kirby, King & Overshiner, of Abilene, for appellee.

LESLIE, J.

This is a companion case to those this day decided by the opinion in the cases of (1) Lena Axe, (2) B. E. Ward et al., and (3) Ed Gist (Tex. Civ. App.) 35 S.W.(2d) 824, Gibson & Johnson were the defendants in each case. The facts are very fully set out in the opinion referred to, and that opinion discusses and disposes of the issues in the instant case presented by propositions 1, 3, 4, and 5. Those points will not be further considered, but the same rulings will be here made, and for the same reasons.

The second point here raised and not found in the appeal of the above cases is to the effect that the trial court erred in not permitting the appellants Gibson & Johnson to introduce in evidence their attorney's opinion on the appellee's title showing the alleged defects in the latter's title, and their reason for rejecting same.

The appellee objects to the consideration of the proposition and the assignment on which based, for the reason that the point was not perserved by any proper bill of exceptions. Several defects are urged against the bill found in the record, and the main one is, in substance, that the bill fails to state the purpose for which the testimony was offered. We think the bill sufficiently indicates the purpose of the testimony, and that it is reasonably free from the other objections urged; but the error of the court in excluding the testimony is harmless, inasmuch as the record discloses that the point and purposes which the attorney's letter would have established are fully established by other testimony to the same effect, and not objected to on the trial. Its relevancy was upon the existence of appellee's life estate in the lands, and the appellants' objections to the title for that reason.

However, after this objection was lodged to the title and within the thirty days permitted by the contract in which Gist might cure the defect, it appears that the appellants renounced the contract and notified said Gist by letter, in part, as follows:

"This is to advise you that several of the landowners in your block have taken their lease out of the Abilene State Bank. * * * We, therefore, ask that you call at the Abilene State Bank at your earliest convenience and get your lease and call at our office for your abstract."

This marked the end of the negotiations between the parties, and thereafter the action of appellee Gist with reference to the transaction is stated in his testimony as follows:

"Up to this time when I got this letter I was ready and willing to deliver the oil lease and carry out the contract. I did not do anything afterwards, after I received the letter, towards curing the title. I left it as it was a week or two."

In response to the issues and the testimony, the trial court, after the general findings with reference to the execution of the contract, further found:

"That the plaintiffs afterwards in due time furnished to the defendants an abstract of title to said lands, and afterwards the defendants made certain written objections to said title; that with due diligence the plaintiffs attempted to cure said objections, and afterwards, on or about the 17th day of May, 1927, and within the thirty days permitted by said contract to the plaintiffs in which to cure said objections, and while said plaintiffs were in good faith attempting to cure said objections, the defendants refused to carry out their contract with plaintiffs and refused to take and pay for said lease on the ground that some of the lessors had refused to cure their titles, thus breaking up the block of land; that plaintiffs did not refuse to cure

the objections to their said title, but at the time of the refusal of the defendants to carry out their contract on the grounds aforesaid, the plaintiffs were ready and willing to cure the objections to their title; * * * that the refusal of defendants to carry out their contract with the plaintiffs as aforesaid was not justified under the terms of said original contract; that the defendants thereby breached their said contract with the plaintiffs, who were excused from any further performance of the same on their part," etc.

It thus appears, that the breach occurred before the expiration of said thirty days, and while the objections were in the hands of the plaintiff's attorney with instructions to cure the same. As shown by the opinion in the Ward Case, it was not necessary that the plaintiff have the absolute title at the time he contracted to make the lease. As there shown, it was sufficient that he was able to perform at the time and under the terms of the contract. Long et al. v. Martin (Tex. Civ. App.) 234 S. W. 91, 99.

As bearing upon Othello Gist's duty to proceed further with the performance of the contract, after receiving from Gibson & Johnson the letter of May 20th, the court in the opinion just cited, in dealing with a similar issue, used this language:

"When the plaintiffs declared their renunciation of the contract the defendant was authorized to accept their renunciation, and was relieved from further performance on his part. Cornelius v. Harris [Tex. Civ. App.] 163 S. W. 346, and authorities cited."

The principle is equally applicable in the situation before us.

In the first of these cases before this court (Read v. Gibson & Johnson, 12 S.W. (2d) 620), it was held that Gibson & Johnson having based their refusal to carry out the contract on the grounds that other lessors had refused to cure objections to their title, or had taken down their abstracts, were estopped afterwards to assign additional grounds for their refusal to comply with the original contract. This question was there fully discussed and the reasons and authorities for so holding may be found in that opinion.

It further appears from the terms of the contract that it cast an obligation on the appellants to cure the defects and for so doing "charge the amount, not to exceed $50.00 * * * against the amount of lease money against the one failing to correct his title as aforesaid."

The record is silent as to what efforts, if any, the appellant made under this provision of the contract.

In so disposing of this appeal we are not called on to determine whether or not Othello Gist could have conveyed a merchantable title to the mineral rights, nor is it necessary to indicate the procedure, if any, by which he could have done so. The appellants' renunciation of the contract intervened. Long v. Martin, supra.

For these reasons and those assigned in the opinion in the Ward Case, the judgment of the trial court is affirmed.