**H. F. GIBSON et al., Appellants, v. Samuel CANON, Appellee.**

**SAME v. T. C. RICHARDSON, Appellee.**

**SAME v. F. H. MONROE, Appellee.**

**Nos. 799, 800, 801.**

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1931.

Rehearing Denied Feb. 20, 1931.

C. G. Whitten and D. M. Oldham, Jr., both of Abilene, for appellants.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

LESLIE, J.

The above styled and numbered causes are companion cases to that of Gibson & Johnson v. B. E. Ward et al. (Tex. Civ. App.) 35 S. W.(2d) 824. There are three propositions urged as grounds for reversal of the judgment of the trial court in each of the cases. These propositions are identical with the first, second, and third discussed in the Ward Case. For the reasons there assigned they are overruled in the instant cases, and the judgment of the trial court in each of the above cases is affirmed.

HICKMAN, C. J., and FUNDERBURK, J., concur.

**GIBSON & JOHNSON, Appellants, v. John AXE, Appellee.**

**No. 823.**

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1931.

Rehearing Denied Feb. 20, 1931.

C. G. Whitten and D. M. Oldham, Jr., both of Abilene, for appellants.

Kirby, King & Overshiner, of Abilene, for appellee.

LESLIE, J.

This case is companion to that of Gibson & Johnson v. B. E. Ward et al. (Tex. Civ. App.) 35 S.W.(2d) 824, this day decided, and the opinion there disposes of the two questions presented by this appeal. The propositions were decided adversely to the appellants.

The question of defective execution of the original contract does not arise in this case, since John Axe was a widower at the time of its execution. The homestead question is out of the case.

The common question that does arise is whether the original contract was severable, and that was fully stated, discussed, and resolved adversely to appellants in Read v. Gibson & Johnson (Tex. Civ. App.) 12 S.W.(2d) 620; Gibson & Johnson v. Hill (Tex. Civ. App.) 34 S.W.(2d) 346; and in the Ward Case, supra.

For the reasons assigned, the judgment is affirmed.

HICKMAN, C. J., and FUNDERBURK, J., concur.