## GIBSON & JOHNSON v. WARD.
### SAME v. AXE.
### SAME v. GIST.
#### Nos. 789, 790, 792.

Court of Civil Appeals of Texas. Eastland.
Jan. 23, 1931.

Rehearing Denied Feb. 20, 1931.

C. G. Whitten, of Abilene, for appellants.

Kirby, King & Overshiner, of Abilene, for appellees.

LESLIE, J.

In the trial court separate suits, as indicated by the above styled and numbered causes, were filed against Gibson & Johnson by plaintiffs, Mrs. Lena Axe, B. E. Ward, and J. N. Sewell and Ed Gist. Like issues of fact and law being involved, the suits were consolidated, tried together, and from a judgment in favor of the plaintiffs in each case the defendants appeal.

The lawsuits arise out of a contract between Gibson & Johnson, lessees, and John Axe and fourteen other lessors. From lessors' viewpoint, the contract was designed to procure the drilling of a well for oil and gas on a block of acreage owned and controlled by themselves, and it contained a provision that, if the lessors complied with the contract and the lessees did not, the contract and leases thereunder became null and void as to lessors and the lessees should forfeit and pay to lessors, according to their respective acreage, the sum of $5 per acre as liquidated damages. The contract and a statement of the nature of the suits may be found in the opinion by this court in Read v. Gibson & Johnson, 12 S.W.(2d) 620, and in the opinion of the El Paso Court of Civil Appeals in Gibson & Johnson v. Hill, 34 S.W.(2d) 346, 347. Those cases are companion cases to the instant ones.

By way of defense Gibson & Johnson entered a general denial and specially pleaded, among other defenses: (1) That the original contract of January, 1927, was superseded by a subsequent contract embodied in what is known as the 88 Texas Form lease; (2) that the subject-matter of the original contract failed, since certain tracts of land contributed to the lease by several of the eighteen signers were the homesteads respectively of such signers, and the original contract undertaking to contribute the same not being signed and acknowledged by the husband and wife in such cases, and in such manner as to make same effective as a conveyance of a homestead, Gibson & Johnson were not bound thereby, and the contract as to them was void; (3) that the original contract was entered into between Gibson & Johnson on the one hand, and the lessors on the other, as a joint contract, and not severable in respect to the forfeit claimed by each lessor, and that, if the contract was not held to be joint, then the contract, as stated, was due to a mutual mistake of the parties, and relief from the effect thereof was sought.

These cases were tried before the court without a jury. The court has filed findings of fact and conclusions of law. The appeal is presented here on four propositions. They will be considered seriatim.

The first proposition is to the effect that the original contract by Gibson & Johnson and the lessors was subsequently superseded by or merged into the terms of a lease contract in the form of the well-known 88 Texas Form lease. It is asserted that the judgment for liquidated damages is contrary to the law and the evidence, in that the original contract only contains the provisions stipulating for $5 per acre for liquidated damages in favor of lessors on default of lessees, whereas the 88 lease contract contains no such covenant, but provides that, if no well be commenced on said land on or before the 26th day of February, 1928, the lease should terminate as to both parties, unless the lessees, on or before that date, paid to the lessors the sum of $1 per acre, which was to operate as a rental and cover the privilege of deferring the commencement of the well for twelve months.

As stated in 13 C. J. p. 598, a simple contract does not of itself merge or extinguish a prior one. The question of merger or substitution depends upon the intention of the parties. It does not appear, as a matter of law, from this record and the contracts involved, that the latter contract superseded the first. Viewing the question of merger as a fact issue, the contents of the original contract, those of the contemplated lease, and surrounding circumstances refute the idea of merger as contended for by appellant. Of course, the original contract contemplated the lease contract between the respective parties, but the lease contracts, as said in the Hill Case, supra, "were never consummated," and "the doctrine of merger has no application." True, they were placed in escrow by the lessors, as per the original contract, but the lessees, by letter of date May 20, 1927, declined to go further in compliance with the original contract, stating as a reason for so doing that some of the owners in the block had taken down their leases. It appears that the lessees (Gibson & Johnson) served this notice on the lessors (plaintiffs), at a time when they were rightfully, under the terms of the contract, attempting to comply with the same by meeting certain objections made to their respective titles by lessees' attorney. In addition, the trial court further finds that, in so notifying the lessors, Gibson & Johnson were not justified under the terms of the contract.

In addition to the circumstance that no merger was possible, since there was never any delivery of the 88 Form lease, which was essential to its becoming a binding contract, it is apparent that the original contract and the lease contract each had its purpose and were designed to effect a different object. Though in some respects they covered common ground, they did not cover the same ground. For instance, one essential difference is found in the provision for liquidated damages in the event of lessees' default.

The opinion of Dyer v. Chamness (Tex. Civ. App.) 275 S. W. 166, does not, in our opinion, sustain the contention of appellants on the issue of merger. That was a suit to

cancel an oil and gas lease and remove cloud from title. The lease had been executed pursuant to a preliminary contract which had become merged into the second perforce of compliance with the second contract. Having thus performed, the lessee in that case was able to prevent the cancellation of the lease. The situation in the instant case is different. The notification served by lessees May 20th on lessors to call and get their leases marked the end of any effort upon the part of these appellants to comply with the terms of the original contract, and as found by the court, that action left them in default.

The first proposition is overruled.

■ The second proposition is to the effect that the court erred in failing to construe the original contract as joint in all of its parts, instead of several as regards the right of each lessor to recover liquidated damages (in proportion to the acreage contributed) from the lessees on their failure to comply with the contract of January, 1927. It is claimed the court erred in holding Gibson & Johnson bound by the contract until each of the plaintiffs showed a valid contract offered to Gibson & Johnson conveying a block of 2635 acres of land, the contract being joint as to the acreage, as well as to the drilling of the well. Stated otherwise, and perhaps more specifically, the contention is that, before either of the plaintiffs (lessors) would be entitled to sue and recover on the original contract, he would have to plead and show the status of the lands of each of the other lessors signing the contract; that is, whether the same was homestead or not, and if homestead, unless same was signed and privily acknowledged by the respective wives of such lessors, the whole contract was void as being an unseverable contract and not legally binding upon Gibson & Johnson unless binding on each and all of the lessors signing the contract.

We think this contention resolved against the appellants by the opinion of this court in the Read Case. 12 S.W.(2d) 623. The question was there carefully considered and written on rather extensively, both in the original opinion, paragraphs 7 and 8, and on motion for rehearing, paragraphs 9 and 10. Clearly the opinion in the Read and Hill Cases, supra, hold that each lessor, by showing compliance on his part with the contract, had a cause of action against the lessees for the damages accruing to him on its breach by the lessees, and that without regard to the character of title owned by other lessors to the respective tracts contributed by them to the block, and also without regard to the manner of execution (whether defective or not) by them of the original contract. It was also there held that the covenant in the contract that the lessees should drill a well on the block of land intended to be leased did not render the contract joint and entire in respect to the stipula-

tion for liquidated damages and the rights of the plaintiffs to recover the same in these suits. We are convinced that our original opinion is sound on these questions, and that they have been definitely adjudicated. Houston, etc., Land Co. v. Westergreen (Tex. Sup.) 27 S.W.(2d) 526.

This disposes of the contention that the contract sued on was unenforceable against the appellants because of alleged vice or invalidity in the execution thereof by lessors other than the particular plaintiff suing defendants Gibson & Johnson, and consideration will now be given to the question as to whether or not the original contract, signed by the husband and not signed and privily acknowledged by the wife, is enforceable by the particular plaintiff against the defendants; the land being the homestead of such plaintiff. That is, would such state of facts be available as a defense to an action for damages for breach of the original contract, the plaintiff thereafter in due time having tendered to the purchaser a conveyance properly signed and acknowledged by himself and wife? We therefore consider the effect of this contention upon the right of recovery by the plaintiffs in the cases now under consideration, and for brevity the contention will be referred to as the homestead question.

The plaintiff Mrs. Lena Axe is not affected by it, since she was a widow at the time of the execution of the contract sued on, and as to her no question as to the validity of that contract arises.

■ As to Ed Gist, the testimony bearing upon the homestead question in his case is, as found in appellants' brief, as follows:

"I am a married man. I use this place for a farm and cultivate it each year, but I live on my uncle's place where the house is. There is a house on my farm. I do claim this 170 acres as my home. I have some children and they live with me. I signed the original contract when I put in the 170 acres. My wife did not sign."

The extract fully reflects all the testimony on the point. It discloses the status of the property at the time of the trial, but it cannot be said to establish the homestead character of the land three years prior to the trial when the original contract was executed.

It is suggested that the testimony bearing on the homestead question relative to the B. E. Ward lease, although conclusively showing it to be a homestead at the date of the original contract, does not show that such impediment to the deal existed at the date the appellant breached the contract. That in this respect the appellants failed to discharge the burden of establishing the special defense pleaded by them. Such seems to be the state of the testimony, and doubtless accounts for the views of the trial court in failing to give effect to

appellants' contention. The testimony relating to the homestead question in each instance being of doubtful and equivocal nature in material respects as pointed out, necessarily the express findings of fact by the court, and those implied from such findings, resolve the homestead question in favor of appellees. Cates v. Clark (Tex. Sup.) 33 S. W. (2d) 1065, 1066; Landers v. McCutchan (Tex. Civ. App.) 161 S. W. 960.

In the first case, and upon a record similar to that before us, the Supreme Court holds:

"In view of this record and the findings of fact by the trial court under the well-recognized rule of law, it is presumed that, in support of such judgment entered, all facts were found in favor of the defendants in error which have any support in the evidence."

We think our conclusions correct in view of the fact that the findings of the court in the instant case, (1) made no specific findings on the homestead issue, (2) no request for such findings was made, and (3) no specific attack was made on the findings on this particular ground.

■ A more fundamental reason, however, for overruling this contention based upon the homestead question, is found in the proposition that, when a husband enters into an executory contract for the sale of a homestead, and afterwards tenders to the purchaser a sufficient conveyance joined in by his wife, the husband can compel the purchaser to respond in damages if he fails to take and pay for the land. Milliken v. Townsend (Tex. Com. App.) 16 S.W.(2d) 259.

At the risk of some repetition, this phase of the controversy will be further considered in disposing of the next proposition.

By the third proposition complaint is made that the court erred "in admitting in evidence the original drilling contract of date January, 1927, because the same was not properly signed, acknowledged and executed by the lessors and their wives herein, the same being a contract conveying an interest in real estate which was used and occupied as the homestead of some of the signers." The appellees object to the consideration of this proposition, as well as the assignment on which it is based, for the reason that the objection of the appellants to the admission of that instrument is not evidenced by a bill of exceptions showing that such objection was made and overruled by the court.

■ An objection to the introduction of testimony, to be available on appeal, must be preserved and presented by a bill of exceptions. Article 2237, Vernon's Ann. Civ. Statutes, and numerous authorities there cited; Tex. Jur. vol. 3, p. 566, § 398:

The objection is sustained.

However, assuming the point preserved and presented, and since it is in substance embraced in proposition No. 2, further consideration will be given it.

Therefore, on the assumption stated, and construing the contention to be that the executory contract of a husband for the sale of an oil and gas lease on the homestead cannot form the basis of an action by the husband for damages against the intended purchaser on his refusal to take and pay for the lease, the husband showing an ability and willingness to comply by executing a proper lease signed and acknowledged by the wife, we overrule the proposition, for the valid reason that the plaintiffs (lessors), through proper joinder by their respective wives, and within the time prescribed in the contract for their doing so, showed a willingness and ability to deliver to defendants, or in escrow, the leases stipulated for in the contract signed originally by the husbands only, and did in fact deposit such with the escrow agent. This, as noted, was sufficient to obviate the objections under consideration. The opinion in Milliken v. Townsend (Tex. Com. App.) 16 S.W.(2d) 259, is considered conclusive on this phase of the case, although that case involved the question of specific performance rather than damages as such. The court's holding on that material point is aptly stated in the syllabus:

"Where married man became able to perform his contract to exchange homestead for defendant's home and household effects, wife having supplied her consent to conveyance in manner prescribed by law, and he offered, in specific performance suit, deed duly signed and acknowledged by himself and wife, and was ready and willing to perform contract in all respects, he was entitled to specific performance."

That, in principle, is a picture of the situation here, viewed from the standpoint of the appellees. The general rule in such cases is quoted in Long v. Martin (Tex. Civ. App.) 234 S. W. 91, 95, as follows:

"The general rule is that when a contract is entered into in good faith it is not necessary that the vendor be actually in the situation to perform it at the time it is entered into, provided he be able at the proper time to place himself in that situation." Citing Armstrong v. Palmer (Tex. Civ. App.) 218 S. W. 631; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 983; Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L. R. A. 739, 12 Am. St. Rep. 736.

Also see 19 C. J. 924; White v. Bates, 234 Ill. 276, 84 N. E. 906, citing and following Long v. Martin, supra.

■ A contract by the husband to convey the homestead is not unlawful, but if he is unable to do so by reason of nonjoinder of a wife in proper conveyance, he is liable in damages for his breach of the undertaking.

Fonda v. Colquitt (Tex. Civ. App.) 165 S. W. 1195.

Upon principle and reason it logically follows that there would be an action in his favor for damages accruing to him by reason of the breach of the contract by the intending purchaser, the husband being ready, able, and willing to perform, as appears to be the position of the plaintiffs in this instance. Upon the record before us it is not a question of whether or not such a conveyance can be enforced by the grantees, Gibson & Johnson, but the specific question is, when grantors (lessors) show themselves in a position to perform, can the grantees (lessees) urge the power of a married woman to retract as a defense in an action against them for damages? For the reasons assigned we think not. Additional authorities in support of the rule announced are: Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; Commercial Hotel v. Weeks (Tex. Civ. App.) 254 S. W. 521; J. B. Watkins, etc., Co. v. Campbell (Tex. Civ. App.) 81 S. W. 560; Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227; Stringfellow v. Early, 15 Tex. Civ. App. 597, 40 S. W. 871.

For the reasons assigned we think both propositions 2 and 3 should be overruled.

The fourth proposition complains that the court erred in overruling special exceptions, etc. Appellees object to the consideration of the proposition on the ground that it is not supported by the record. We find no order evidencing that the same was ever called to the attention of the court or that it was acted upon by the court.

In Tex. Jur. vol. 3, p. 231, § 153, it is said:

"When the record fails to show an action upon special exceptions to the pleadings the appellant thereby waives the right to object in this respect in the appellate court."

A great number of authorities are cited in support of the proposition.

For the reasons assigned, the judgment of the trial court in each of said causes is affirmed.